854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Ole K. NILSSEN.
 No. 88-1304.
 United States Court of Appeals, Federal Circuit.
 July 18, 1988.
 
 Before BISSELL, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Board of Patent Appeals and Interferences (Board), affirming the rejection of claims 82, 83, 85 through 89, 91 through 93, 95, 97, 98, 100 through 103, 106 and 107 of Nilssen's patent application Serial No. 557,390, is affirmed on the basis of the Board's opinions of December 15, 1987 and February 17, 1988.
 
 OPINION
 
 2
 Nilssen, for at least the fourth time before this court, advances the same arguments in collaterally attacking the Board's decision. In re Ole K. Nilssen, No. 88-1240, slip op. at 3 n. 1 (Fed.Cir. July 13, 1988). We do not sanction him in this instance, because this case was submitted prior to the issuance of the opinion in Appeal No. 88-1240. However, we reiterate the admonition in that opinion--"In view of this court's adverse ruling on these collateral issues, Nilssen is precluded from rearguing them in any future appeals filed before this court ... [and is] served notice that failure to comply with this court's directive may subject him to sanctions." Id.
 
 
 3
 Nilssen's arguments on the merits lack substance. When structural similarity establishes a prima facie case of obviousness, the applicant can prevail only if he overcomes the prima facie case. In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984) (quoting In re Surrey, 319 F.2d 233, 235, 138 USPQ 67, 69 (CCPA), cert. denied, 375 U.S. 930 (1963), overruled on other grounds, In re Magerlein, 602 F.2d 366, 373 n. 14, 202 USPQ 473, 479 n. 14 (CCPA 1979)). Nilssen conceded the existence of structural similarity but chose not to assume his burden to rebut the prima facie case of obviousness. In re Stemniski, 444 F.2d 581, 170 USPQ 343 (CCPA 1971); Eli Lilly and Co. v. Premo Pharmaceutical Lab., Inc., 630 F.2d 120, 128, 207 USPQ 719, 728 (3d Cir.1980) (explaining holding of Stemniski). He submitted no evidence to the Board to support his claim of unobviousness, but rather, attacked the sufficiency of the examiner's prima facie case. See In re Etablissements Darty et Fils, 759 F.2d 15, 17-18, 225 USPQ 652, 653 (Fed.Cir.1985) (argument without evidence is unpersuasive). Absent rebuttal evidence of adequate weight, a prima facie case of obviousness must be upheld. See In re Piasecki, 745 F.2d at 1472, 223 USPQ at 788.